## MINNIE SANDERSON v. CHARLES OSGOOD.

### *Evidence. Practice.*

Material letters purporting to have been written by plaintiff were introduced in evidence by defendant. Plaintiff denied their genuineness; and expert and other witnesses were called by both parties. Plaintiff's counsel offered in evidence a writing that had been used in connection with the examination of some of those witnesses and treated as a genuine specimen of plaintiff's handwriting although not proved to be such, saying, in effect, that it had been made by plaintiff by his direction. Defendant objected to its admission but not for that it was not genuine. *Held*, that by permitting it to be so used defendant had practically permitted it to be admitted in evidence, and that the objection was too late.

*Semble* that had the objection been seasonable, the writing would have been excluded, for that it was made for the purpose of comparison, after the beginning of controversy.

THIS was a complaint for bastardy. Plea, not guilty, and trial by jury, September Term, 1879, POWERS, J., presiding.

The plaintiff testified that she had been delivered of a child that was begotten by the defendant. The defendant introduced evidence tending to show that the child was begotten by Charles E. Osgood, introducing, among other things, several letters to Charles E. that were written by the plaintiff a few weeks after she became pregnant, and other genuine specimens of the plaintiff's handwriting. He also introduced several other letters purporting to have been written by the plaintiff to Charles E. that tended to show that Charles E. was the father of the child. Those letters the plaintiff denied writing; and much expert and other evidence relative to their genuineness was introduced on both

sides. The plaintiff was called on by the defendant's counsel in the presence of the jury to write sentences from the disputed letters. In rebuttal the plaintiff's counsel offered in evidence an undated paper, in form a letter from the plaintiff to Charles E., which "had been used as a specimen of the plaintiff's handwriting while examining some of the witnesses upon the question of the genuineness of the disputed letters", and which was then treated by court and counsel, although it was never identified, as a genuine specimen of the plaintiff's handwriting, counsel saying, "I ask her [the plaintiff] to sit down and write the contents of one of the letters she wrote to Charlie, as near as she could get it, and in her own natural way." The admission of the letter was objected to, but on grounds not involving the question of its authenticity. The objection was overruled, and the paper admitted; to which the defendant excepted. The paper went to the jury with the other letters and specimens of handwriting without objection or question.

*E. R. Hard*, for the defendant.

The absence of testimony to show that the paper was written by the plaintiff, is, if the point is now available, ground for a new trial.

The practice, in cases where the genuineness of handwriting is in dispute, of allowing the introduction of other writings made by the party whose writing is in question, for the sole purpose of comparison, is limited to such writings as were made in the natural course of things, and when there was no motive to disguise; and is not extended to writings made under the supervision of counsel, after litigation has arisen, and for the sole purpose of being used as a standard. *King* v. *Donahue*, 110 Mass. 155; *Keith* v. *Lathrop*, 10 Cush. 453; *Stanger* v. *Searle*, 1 Esp. 14; *Doe d. Perry* v. *Newton*, 5 A. & E. 514; *Doe d. Mudd* v. *Suckermore*, 5 A. & E. 703.

*John E. Wheelock* and *R. H. Start*, for the plaintiff.

The attempt to predicate error upon the admission of the paper for that no evidence was introduced to show that it was written

by the plaintiff, cannot prevail, because it was treated as genuine, and because no objection was made to it on the ground that it was not genuine. *State* v. *Preston*, 48 Vt. 12, and other cases.

The exceptions do not disclose the ground of objection. Error is not to be presumed, but must affirmatively appear. *Edgell* v. *Bennett*, 7 Vt. 534, and cases *passim*.

But if the ruling was erroneous, the excepting party could not have been harmed thereby. The paper had been used and treated as genuine, and went to the jury without objection or question. The objection was thereby waived. This court will not reverse a judgment because of errors which have not harmed the excepting party. *Sampson* v. *Warner*, 48 Vt. 247, 257 ; *Warden* v. *Warden*, 22 Vt. 564.

The opinion of the court was delivered by

Ross, J. The paper to the admission and use of which before the jury exception was taken by the defendant, before such objection and exception were made or taken, " had been used as a specimen of the plaintiff's handwriting, while examining some of the witnesses upon the question of the genuineness of the disputed letters." No question involving the authenticity of the paper was made or saved. By allowing the paper to be used as a specimen of the plaintiff's handwriting in the examination of the witnesses in regard to the genuineness of the disputed letters, the defendant practically admitted the paper in evidence, and, under our practice, gave permission to have it go to the jury for the purpose for which he had allowed it to be used. His objection and exception to the ruling of the court allowing it to be used for these purposes, came too late. The principal value of the paper as a piece of comparative evidence arose from the testimony of the expert witnesses when comparing it with the disputed letters. That evidence was all admitted without exception. To enable the jury to appreciate and weigh the testimony on such comparison, it was necessary that they should have the very papers to examine and compare which the witnesses had been allowed to use, speak of, and compare in giving their testimony. If the defendant would have saved his right to have the paper kept out of the case, he

should have objected and excepted to its use and admission at all. The purpose for which it was admitted against his objection was not a different purpose from that for which it had already been used, but simply carried the purpose for which the defendant had allowed it to be used through to completion. If the court had admitted it, and allowed it to be used against exception for another and different purpose than that for which it had been already used without objection, and the latter use had been illegal and prejudicial to the defendant, his exception would have been well taken. If the defendant's exception had been taken when the paper was first put into and used in the case by the plaintiff, and the court had admitted it, the exception would have availed him. As we understand the rule, the claimed author of disputed writings cannot make testimony in his favor by bringing in for comparison a writing manufactured by him for that very purpose after the controversy has arisen. He is confined to the production of papers written by him before the controversy commenced, or those subsequently made by him in the usual course of business and under such circumstances as to negative all idea that they were made for the purpose of being used as evidence in his own favor. A party cannot be allowed to manufacture this class of testimony more than any other in his favor. The utmost limit to which the cases and practice go in this respect, is to allow the opposing party, when the upholding party takes the stand as a witness, in cross-examination to call upon him to write in the presence of the jury, that he may use such specimens of his writing for comparison with the disputed writing by the jury and experts against him. Although not strictly necessary for the decision of this case, we feel called upon to define what we deem to be the true rule in regard to the admission of this class of testimony, that the practice allowed in this case without seasonable objection and exception may not become current, nor be thought to have the approbation of this court.

*Judgment affirmed.*