ORLEANS COUNTY, MAY TERM, 1887.

[CONTINUED FROM PAGE 585.]

## I. H. P. ROWELL *v*. WARREN FULLER'S ESTATE.

*Evidence. Signature, Proof by Comparison. Practice. Trial of Civil Actions. Exception. Negligence.*

1. SIGNATURE DISPUTED. QUESTIONS FOR COURT—FOR JURY. When a signature is disputed, and another signature is offered in proof as a standard, the court should first find, as a fact, that the latter is genuine, and then submit it to the jury incomparison with the one in contention.

2. PROOF THAT THE STANDARD IS GENUINE. While great care should be taken in determining whether the standard of comparison is genuine, the usual rule as to a fair balance of testimony applies.

3. PHOTOGRAPHS. Photographs of the different signatures were admissible as evidence.

4. CHARGE—COMMENT ON EVIDENCE. It cannot be said to be error for the court to express its opinion on the weight and character of evidence.

5. EXCEPTION TO ENTIRE CHARGE. An exception to an entire charge upon one branch of a case is too general and not available. The error should be specified at the close of the charge.

6. NEGLIGENCE. BURDEN OF PROOF. In an action on a receipt, whereby the intestate promised " to collect and account for, or return on demand," certain promissory notes, the burden is on the defence to show that the notes were returned on demand; or, if not, why they had not been, rather than on the plaintiff to prove negligence.

7. In an action by the survivor of two partners on a receipt given to them, agreeing " to collect and account for, or return on demand," certain promissory notes-there was no error in the charge that there could be no recovery, if the de, fendant had accounted to the deceased partner, and the plaintiff had collected his share of his estate.

8. EVIDENCE. GENERAL ISSUE. In such action evidence is admissible under the general issue, which tended to show that the notes had been returned.

GENERAL and special assumpsit by the plaintiff, as surviving partner of the late firm of J. & H. Rowell, with a count in favor of the plaintiff upon a promissory note owned by him in

his own right. Appeal from the disallowance of commissioners. Pleas, general issue, payment, Statute of Limitations and offset, with notice denying the signature to paper " A." Trial by jury, February Term, ROYCE, Ch. J., presiding. Verdict for the defendant.

The following is a copy of the paper marked " A ":

" Montpelier, Vt., June 5, 1884.

" I hereby acknowledge that my promissory note for the sum of ninety-seven dollars and seventy-four cents ($97.74), dated November 2, 1857, and payable to J. & H. Rowell or bearer one day from date, and interest annually, is not paid, and promise to pay the same on demand. And I also acknowledge that the promissory notes taken by me from J. & H. Rowell for collection, and described in my receipt given for the same, and dated July 16, A. D. 1857, have not been accounted for, except as shown by endorsements on the back of said receipt, and promise to pay on demand the amount due from me on account of said promissory notes with annual interest.

WARREN FULLER."

The signing of said paper by intestate was denied by defendant estate. The note and receipt mentioned in said paper " A " are the note and receipt declared upon.

The evidence of the plaintiff tended to show that Warren Fuller signed the said paper marked " A ", and the testimony of the defendant that he did not.

The defendant presented a paper upon which was written the name " Warren Fuller", and nothing else, which was marked defendant's exhibit No. 1. Also a note purporting to be signed by Warren Fuller which was marked defendant's exhibit No. 2, with evidence tending to show that the name " Warren Fuller " on each was written by the intestate, but no testimony of any witness who saw the intestate write either of said names.

The defendant also offered in evidence photographs of the name " Warren Fuller ", as written on papers No. 1 and No. 2 and " A " (being a disputed signature), and of one signature Warren Fuller admitted to be genuine.

This evidence was received against the plaintiff's objection,

The other facts are sufficiently stated in the opinion of the court.

*Edwards, Dickerman & Young*, for the plaintiff.

By the common law rule, written documents or signatures were never admitted solely to be used as comparison. Lawson Exp. Ev. 229; Rogers Exp. Ev. 192; 1 Best Ev. s. 238; 1 Greenl. Ev. s. 580; *Moore* v. *United States*, 91 U. S. 270; *Strather* v. *Lucass*, 6 Pet. 763; 27 Md. 36; 96 Penn. St. 489. But whenever a comparison has been permitted, the genuineness of the paper introduced as a standard must first be determined by the court before it is allowed to go to the jury. BENNETT, J., in *Adams* v. *Field*, 21 Vt. 256; *State* v. *Ward*, 39 Vt. 225; *Sanborn* v. *Osgood*, 52 Vt. 309; Lawson Exp. Ev. 371, 407; 115 Mass. 481; *Castello* v. *Crowell*, 133 Mass. 354; *Bragg* v. *Colville*, 19 Ohio St. 412. It was error in admitting exhibits Nos. 1 and 2. Lawson Exp. Ev. 408, 410; *Martin* v. *Maguire*, 7 Gray, 178; *Commonwealth* v. *Eastman*, 1 Cush. 217; *Moody* v. *Rowell*, 17 Pick. 490; *Richardson* v. *Newcomb*, 21 Pick. 317; 22 Kan. 250; 1 Greenl. Ev. s. 581; *King* v. *Donahue*, 110 Mass. 156.

The paper with which the comparison is to be made must be unquestionably a genuine paper, and that must be shown beyond a doubt. *McKeane* v. *Barnes*, 108 Mass. 344; *Bacon* v. *Williams*, 13 Gray, 527; *Pavey* v. *Pavey*, 30 Ohio St. 603; 5 Binney, 340. It "must be directly and very clearly proved." PECK, J., in *State* v. *Horn*, 43 Vt. 20. A diary taken from a prisoner is not a sufficient standard. GRAVES, Ch. J., in *Van Sickle* v. *People*, 29 Mich. 61. The admission of the photographs was error. *Hynes* v. *McDermott*, 82 N. Y. 41; 34 Mich. 23; Rogers Exp. Ev. 198; *Miller* v. *Johnson*, 27 Md. 36. There was error in the charge that this evidence of comparison was regarded usually as the most satisfactory. It is the least satisfactory. Lawson Exp. Ev. 372; *Borland* v. *Walrath*, 33 Iowa, 131; 42 Iowa, 585; 1 McArthur, 221.

Rowell *v.* Fuller.

*Crane & Alfred*, for the defendant.

The papers, Nos. 1 and 2, offered for comparison with the signature in dispute, were properly admitted. *Commonwealth* v. *Coe*, 115 Mass. 481; *State* v. *Ward, alias La Vigne*, 39 Vt. 225; *State* v. *Hopkins*, 50 Vt. 316; *Adams* v. *Field*, 21 Vt. 256. Documents are admissible for the purpose of comparison when properly proved to be in the disputed handwriting. Lawson Exp. Ev. 371; SHAW, Ch. J., in *Moody* v. *Rowell*, 17 Pick. 490; *Bowman* v. *Sanborn*, 25 N. H. 87, 111; *State* v. *Hastings*, 53 N. H. 460; *State* v. *Clark*, 54 N. H. 451, 461; *Carter* v. *Jackson*, 58 N. H. 156; *Lyon* v. *Lyman*, 9 Conn. 54; *Chandler* v. *Le Barron*, 45 Me. 534; *Woodman* v. *Dana*, 52 Me. 9, 13; *Adams* v. *Field*, 21 Vt. 256. The photographs were admissible. *Marcy* v. *Barnes*, 16 Gray, 161; GRAY, Ch. J., in *Blair* v. *Pelham*, 118 Mass. 420; *Randall* v. *Chase*, 133 Mass. 210; *Cowley* v. *People*, 83 N. Y. 464; *People* v. *Buddensick*, 103 N. Y. 487; s. c. 4 Cen. Rep. 787; *Barker* v. *Town of Perry* (Iowa Sup. Ct.), 32 Albany Law Journal, 422; s. c. 25 N. W. Rep. 100.

It must appear affirmatively, by the exceptions, that the plaintiff called the attention of the court (in such a way that it was legally bound to act) to its omission to charge that the genuineness of the signatures on papers No. 1 and No. 2 was for the jury to determine.

The case not showing this, and the plaintiff having chosen to keep silent then, the judgment will not be reversed by reason of such omission to charge. *State* v. *Straw*, 33 Me. 554; *Murchie* v. *Gates* (Sup. Ct. of Me.), 4 Atl. Rep. 698, 701; *Knight* v. *Smythe*, 57 Vt. 529, 532; *State* v. *Nulty*, 57 Vt. 543.

The opinion of the court was delivered by

TAFT, J.    I. In this State the signature of a party may be proved to be genuine or false by a comparison of it with another genuine signature. *Butler* v. *Dixon*, Chit. Co. 1832 (not reported), cited in 21 Vt. 264; *Gifford* v. *Ford*, 5 Vt.

532; *Adams* v. *Field*, *Ex'r*, 21 Vt. 256; *State* v. *Ward*, 39 Vt. 225; *State* v. *Horn*, 43 Vt. 20; *State* v. *Hopkins*, 50 Vt. 316; *Sanderson* v. *Osgood*, 52 Vt. 309. The signature with which the comparison is made, before it can be used, should be established as a genuine one. As stated in *Adams* v. *Field*, *Ex'r*, *supra*, its genuineness "must either be admitted or established by clear, direct, and positive testimony." Unless this is in the first instance done, the testimony should, for obvious reasons, be excluded. The question arose upon the trial in this case, whether exhibits numbers one (1) and two (2) were genuine signatures or not. The defendant claimed that the question should be submitted to the jury, while the plaintiff insisted that it should be determined by the court. The court, without deciding whether the signatures were genuine, admitted them in evidence, and let them go to the jury, stating that "if the jury should be satisfied upon a full examination of all the proof that those papers were not signed by Mr. Fuller, the comparison would go for nothing." Thus the question of the genuineness of the signatures was submitted to the jury. Was this action correct, or should the question in the first instance have been determined finally by the court? We are not aware that the question has been authoritatively decided in this State. In the first reported case, *Gifford* v. *Ford*, *supra*, the signature with which the comparison was made was an admitted one; therefore the question whether it was the province of the court or jury to determine it, did not arise. In *Adams* v. *Field*, *Ex'r*, *supra*, the question was, were genuine signatures admissible for the purposes of comparison; and the remarks of BENNETT, J., are consistent with either view of the question now under consideration. He says the genuineness of the signature should be shown before it can be used as a comparison; but he does not say by whom the question of its genuineness should be determined. The only other case in this State, to which our attention has been called, in which the question has been referred to, is the one above cited of *State* v. *Ward*; and if the question at issue here was before

the court in that case, it may be regarded as settled. An examination of that case shows that the question was not made in the case, nor discussed by counsel. The prosecution offered in evidence two letters signed " Jerome Lavigne," containing evidence against the respondent, if written by him. To show that they were in his handwriting, the prosecution, the exceptions state, " *established by proof* other letters as standards for comparison." The letters, therefore, were established before the court, not the jury ; for it was done during the trial, and before the testimony of the experts was given. The experts then testified that all the letters, and the handwriting taken from the person of the respondent, were written by the same hand. No exception was taken to the determination of the genuineness of the signatures by the court instead of the jury ; and it is apparent from the language of the court in the opinion that the court determined the question finally ; for it is stated that " *the court having adjudged the papers genuine*, and having permitted them to go to the jury." It appears, therefore, that the letters offered as comparisons were *adjudged by the court* to be genuine, and no exception taken save that the proof did not establish the fact. This could not avail the respondent, if the testimony tended to show it, and what question could there be in this respect, as the evidence consisted mainly of the testimony of witnesses who swore that they saw the respondent write the letters which were used as comparisons. The point in issue was not by whom should this question be tried, but was there any evidence to warrant the finding by either the court or jury, that the signatures were genuine. Notwithstanding the remarks of WILSON, J., in *State* v. *Ward*, we do not consider the question settled. If the question of the genuineness of a signature to be used as a comparison is one for the jury, the party should have the right to submit it to them for the purpose of determining its genuineness, as soon as he gave evidence tending to show its genuine character. There would be no propriety in the court first trying the question and deciding it, and then, if the court decided the signa-

ture genuine, submitting the same question to the jury. The better rule is to treat the question as one for the court. Let the court determine whether the signature is a genuine one or not; if not genuine, exclude it from the jury; if genuine, let it be used by them in comparison with the disputed one. It is a better rule that the court should determine the question as a preliminary one, and not perplex the jury with so many questions as would arise where a party wished to use a great many signatures by way of comparison. From an examination of the cases in the 21st and 39th Vt., we think the question of the genuineness of the signatures used as comparisons was, in those cases, determined by the court. In the first case, the question was, were genuine signatures admissible for the purposes of comparison; nothing is said in the statement of the case, nor in the opinion, as to whether the question was tried by the court or submitted to the jury; but from the fact that the counsel for the appellee argued (see brief) that it was proper in corroboration of the other testimony to *admit the genuine signatures to go to the jury*, I would infer that their genuineness had already been established at the time of their admission. In the case in the 39th, *State* v. *Ward*, the exceptions show that the prosecution *established by proof* the letters used as comparisons before the letters were submitted to the experts, and in the opinion it is stated that " *the court having adjudged the papers genuine*, and having permitted them to go to the jury," etc. This plainly indicates that the court determined the question; and nothing in the case shows that it was referred to afterwards. The case did not call for any opinion upon the question now under consideration; the remarks of the judge thereon were *obiter dictum*. We think the usual practice in this State, as shown by the cases, has been for the court to find as a fact that the signature was genuine, and then submit it to the jury as a standard of comparison with the one in dispute. The court below should have passed upon the question; and if as a fact it found the signatures false, excluded them as standards; but if found genuine,

Rowell *v.* Fuller.

have submitted them for comparison with the signature in dispute. For its neglect so to do, there was error.

II. The plaintiff insists that the evidence admitted by the court upon the trial was legally insufficient to warrant either the court or jury finding that any of the disputed signatures were written by the intestate. The same questions may not arise upon another trial. While great care should be taken that the standard of comparison should be genuine, and found so, as BENNETT, J., says in 21st Vt. 256, by " clear, direct, and positive testimony," we are not aware of any different rule to guide the court from that which obtains in the disposition of any other question which the court or jury are called to pass upon, either in the admission of testimony or in the amount of testimony required. The court should be satisfied, by a fair balance of testimony, the usual rule in civil causes, that the signature is a genuine one, before it permits it to be used as such. Any evidence pertinent to the issue is admissible. The question should be tried as any other issue between the parties is, and by the same rules of evidence.

III. There was no error in the use made of the photographs of the different signatures. Enlarged copies of a disputed signature or writing and of those used as comparisons may be of great aid to a jury in comparing and examining different specimens of one's handwriting. Characteristics of it may be brought out and made clear by the aid of a photograph or magnifying glass which would not be discernible by the naked eye. As well object to the use of an eye-glass by one whose vision is defective.

IV. We are not inclined to criticize adversely the expression in the charge that the test of the genuineness of a signature "is probably regarded as usually of the most satisfactory character." There was no legal error in so doing. The learned judge was not called upon to say aught upon the subject. As applied to one case it might be true, and not so in another. It was merely an expression as to the weight and character of evidence which the court was at liberty to make, without error

being predicable thereon, if the question was, in the end, submitted to the jury. Rob. Dig. 705, sec. 133.

V. The court charged at length upon the subject of the testimony of experts. The exception taken to the charge was general. Counsel do not now complain that the charge given was erroneous, but that it ignored two vital points, i. e., the genuineness of the standards and the honesty or truthfulness of the witness. The first point not being a question for the jury, becomes immaterial, and without deciding whether the latter would avail the plaintiff, if well taken, we think he should have specified the error at the close of the charge in order to raise the question here. The exception was too general; it was to the entire charge upon one branch of the case, and as such should not be entertained, at least when correct so far as it was given. Goodwin v. Perkins, 39 Vt. 598.

VI. The intestate Fuller in 1857, received from the firm composed of the plaintiff and Joseph Rowell twenty-six promissory notes, against divers persons, to collect and account for or return on demand; and the declaration alleges that Fuller has "never returned said several promissory notes or any one thereof," with certain specified exceptions. The testimony of Joseph Poland tended to show that the notes had been returned by Fuller to the plaintiffs as early at least as the twenty-first day of October 1862. Upon that day the plaintiff was making a claim upon the estate of his late co-partner in respect to the notes which he claimed the latter had received from Fuller and evidence was given upon trial that the notes were the same as those mentioned in the receipt. The evidence tended to show that Fuller had returned the notes. The objection made to the testimony, as we understand the exceptions, was, that it was not admissible under the general issue. The evidence, if true, tended to show that the notes had been returned and therefore no right of action had ever accrued to the plaintiff. It was therefore admissible under the general issue. Harlow v. Dyer, 43 Vt. 357. As to the evidence of Poland in respect to the individual note of Fuller, that was admissible under the plea of payment.

Rowell v. Fuller.

VII. Was there error in the charge in respect to the claimed settlement between the plaintiff and the estate of Joseph Rowell? The defence claimed that the intestate had accounted to Joseph Rowell for the notes mentioned in the receipt and paid him his individual note and that Joseph's estate had accounted to the plaintiff. The latter could not recover of the estate of Joseph any sum in respect to said notes unless Joseph had collected the same from Fuller; and so the court correctly charged that if Fuller accounted to Joseph, and the plaintiff had collected of the latter's estate, his, the plaintiff's share, the plaintiff could not collect anything in respect to them of the defendant estate. The charge that if the claim had once been collected by the plaintiff, it could not again be collected of the defendant estate was correct; for the plaintiff could collect of his partner only upon the ground that Fuller had paid his partner. There was no error in this part of the case.

VIII. The court below were called upon to instruct the jury as to the rule of damages in case they should find the plaintiff entitled to recover. The action was based upon a receipt for certain promissory notes delivered by the plaintiff and his partner to Fuller, which Fuller agreed " to collect and account for, or *return on demand.*" The declaration contains a special count upon this receipt, and evidence was given upon trial tending to show a demand upon Fuller, and a non-compliance with it. In respect to this branch of the case the court instructed the jury, if they found the plaintiff entitled to recover upon the receipt for the notes, in the following words: "It is claimed by counsel that under that agreement he (the intestate) must account for all those notes with annual interest. I do not so understand the law. These notes were passed over to Warren Fuller to collect or account for. Now, if he would recover anything more than what Warren Fuller actually collected, I think it is incumbent upon the plaintiff to show that those notes were lost in consequence of his neglect. He does not account for them when he has paid all that he has received, unless he has been guilty of some negligence in the

matter of their collection." Irrespective of the question of neglect on the part of Mr. Fuller, was his duty discharged when he paid to the plaintiff or his partner all that he had collected upon the notes? He was under the obligation, by force of the receipt, to collect and account for the notes or *return them on demand*. It was his duty to *return them on demand* if uncollected; if he did not so return them, was not the burden cast upon him to show why he had not, rather than upon the plaintiff to show that the notes had been lost in consequence of Fuller's neglect? The notes might not have been lost in consequence of such neglect, and still Fuller have been liable for his failure to return them on demand. The case, we think, required suitable instructions upon this point, holding Fuller liable in case of his failure to return the notes, in accordance with the terms of his receipt, or to show a legal reason for not so doing. The court having failed to give instructions in this respect there was error.

Judgment reversed and cause remanded.