WILMINGTON SAVINGS BANK *v.* CHARLES H. WASTE.

January Term, 1904.

Present:  ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed March 16, 1904.

*Promissory Note—Forgery—Evidence—Comparison of
Handwriting—Cross-examination—Hearsay.*

In an action on a promissory note, the defendant, who claims his signature to have been forged, may, on cross-examination of either an expert on nonexpert witness, show such witness signatures conceded or proved to be genuine; but this is the limit of comparison.

In an action on a promissory note, to which defendant claims his signature has been forged, when a witness for the plaintiff testifies in chief that in his opinion the signature in question is the defendant's, it is error to allow the defendant on cross-examination, to show the witness sheets of paper with defendant's name several

times written thereon, and require him to select therefrom those signatures which in his opinion are genuine. It is also error to allow such papers to go to the jury.

In action on a promissory note to which the defendant claims his name has been forged by one Hall, another signer thereof, it is error to allow the defendant to put in evidence a sheet of paper with his name several times written thereon, and two other sheets of paper each with two other names several times written thereon, which were all found at the house of said Hall, in a desk where he kept his papers, a year and a half after the note in question was signed; there being no evidence tending to show that these names were in Hall's hand writing, or that any of them resembled defendant's signature.

In an action on a promissory note payable to a bank, and claimed by the defendant to be a forgery, it is error to allow the defendant to testify that the plaintiff's clerk said to him, when he called to see the note, that it was in the office of an attorney "with the other forged notes."

GENERAL ASSUMPSIT, with specification of a promissory note, special plea alleging that defendant's signature is a forgery. Trial by jury at the April Term, 1903, Windham County, *Munson*, J., presiding. Verdict and judgment for the defendant. Plaintiff excepted.

The note in suit is for $150.00, is joint and several, payable to the plaintiff, or order, dated June 18, 1900, and purports to be signed by Clara I. Hall, Israel L. Hall, and the defendant.

The only plea or notice filed by the defendant is as follows:

"And the said Charles H. Waste by Charles S. Chase, his attorney, comes and defends the wrong and the injury, when, etc., and says that the said Wilmington Savings Bank ought not to have and maintain its aforesaid action thereof against him, because he says he did not sign said supposed note in the plaintiff's declaration or specifications mentioned, and that the signature attached to said note, which purports

to be his signature, is a forgery. And of this the said Charles. H. Waste puts himself upon the country for trial."

The exceptions state that "the defendant was called as witness in his behalf and testified that some time after the failure of Israel Hall he went to the Wilmington Savings Bank, that the treasurer was away, but that one C. C. Barlow, clerk of the bank, was in, and he asked to see the note in question, and that Mr. Barlow thought it was across the way in Mr. Butterfield's office with the other forged notes. The plaintiff objected and excepted to the testimony of the defendant as to what Mr. Barlow told him. J. H. Goulding, the treasurer of the Wilmington Savings Bank, was called as a witness by the defendant and testified, subject to the plaintiff's objection and exception, that he supposed that Israel Hall was in the insane asylum when the note in question was put in the hands of plaintiff's attorney for collection, and that previous to making demand upon Mr. Waste the plaintiff held other paper of Israel Hall's; that there came a time when there was a crisis in the affairs of Israel Hall in the fall of 1901; that he learned of the arrest of Mr. Hall, and that immediately thereafter there was a critical examination of the paper held by the plaintiff, upon which the name of Israel Hall appeared; that it might have been a year after that examination before the note in controversy was placed in their attorney's hands for collection; that at, and after, the examination above referred to, the officers of the bank had suspected that certain of the paper in said bank presented there and discounted by Israel Hall, and alleged to be signed by Israel Hall and others, and then held by the bank, were forged; that he had such suspicion and that the other bank officers expressed such suspicion in his presence and hearing; that neither he nor any of the bank officers, to his knowledge,

ever had any suspicion as to the genuineness of defendant's signature upon the note in question."

O. E. Butterfield for the plaintiff.

The papers whereon were several times written the name of the defendant were clearly inadmissible. A signature to be used as a standard of comparison must be conceded, or established by proof. Baker v. Mygatt, 14 Iowa 181; Winch v. Norman, 65 Iowa 186; Clark v. Wyatt, 15 Ind. 271; Shorb v. Kinzie, 80 Ind. 500; U. S. v. McMillan, 29 Fed. 247; Sartor v. Billinger, 59 Tex. 411; Ort v. Fowler, 31 Kans. 478; Richardson v. Newcomb, 21 Pick. 315; Costello v. Crowell, 133 Mass. 352; Depue v. Place, 7 Pa. St. 428; Cohen v. Fuller, 93 Pa. St. 428; Pavey v. Pavey, 30 Ohio St. 603; Rowell v. Fuller, 59 Vt. 688; Nodin v. Murray, 3 Camp. 228; Cohen v. Fuller, 93 Pa. St. 123; Com. v. Eastman, 1 Cush. 189; Griffiths v. Ivery, 11 A. & E. 322; Bank v. Robert, 41 Mich. 710; Howard v. Patrick, 43 Mich. 121; Masey v. Farmer's Nat. Bank, 104 Ill. 327; Rose v. First Nat. Bank, 91 Mo. 399.

The evidence relative to the papers found in Hall's house was inadmissible. 1 Cowen & Hill's Notes, 428, 475; 1 Greenl. Ev. § 52; Stark. Ev. Part IV. 380.

Charles S. Chase and Clarke C. Fitts for the defendant.

Because of defendant's plea denying signature the burden of proving same was on the plaintiff. Bank v. Adams, 70 Vt. 139; Gregory v. Tomlinson, 68 Vt. 413; Stevenson v. Gunning, 64 Vt. 614.

So far as appears the papers with defendant's name several times written thereon were used in cross-examination solely to test the capacity of the witness as an expert. This

court will so construe the exceptions as to uphold the judgment of the trial court. *French* v. *Ware,* 65 Vt. 338; *Conway* v. *Fitzgerald,* 70 Vt. 103.

The test with the signatures was a fair one. *Thomas* v. *State,* 103 Ind. 419.

It is not opposed to the reasoning of this court. *In Re Barney's Will,* 71 Vt. 221; *Redding* v. *Redding's Estate,* 69 Vt. 508; *Bridgman* v. *Corey,* 62 Vt. 11.

But it does not appear that the witness was able to distinguish between the handwriting of the defendant and other parties. So if there was error it is harmless. *State* v. *Buckman,* 74 Vt. 313; *McKindley* v. *Drew,* 71 Vt. 138; *In Re Diggins,* 68 Vt. 200.

The evidence relative to the papers found at Hall's house was properly admitted. *State* v. *Doherty,* 72 Vt. 390; *Dover* v. *Winchester,* 70 Vt. 418; *Morrill* v. *Palmer,* 68 Vt. 1.

TYLER, J.   This action is assumpsit brought to recover the amount due upon a promissory note, purporting to have been signed by Clara I. Hall, Israel L. Hall and the defendant, and payable to the plaintiff; defense, that the note was not signed by the defendant, and that his name upon it was a forgery.

I.   The plaintiff called Martin A. Brown as a witness, who testified that he was familiar with the signature of the defendant, that he had seen him write, and that in his opinion the signature upon the note was the defendant's. In cross examination the defendant showed the witness a paper which had the name "C. H. Waste" written upon it ten times, in connection with an offer to show later in the trial that certain of the signatures upon the paper were the defendant's. The defendant was permitted to cross-examine the witness as to whether in his opinion any of the ten signatures were in the

defendant's handwriting, and if so, which ones; whether any of them were not in the defendant's handwriting, and how many handwritings there were upon the paper. The defendant showed the witness two other papers of the same character and used them for the same purpose, and the three papers were admitted in evidence.

In cross-examination it was competent for the defendant, for the purpose of testing the correctness of the witness' judgment, to show him signatures of the defendant conceded or proved to be genuine, but this was the limit of comparison. *Sanderson* v. *Osgood,* 52 Vt. 309; *Rowell* v. *Fuller,* 59 Vt. 688, 10 Atl. 853; *Costello* v. *Crowell,* 133 Mass. 352. The defendant examined the witness as though he were an expert, when he was not. His testimony was directly upon the question whether or not the signature upon the note in suit was genuine. But if the witness had been an expert the rule required that a standard of comparison should be established before he could be examined by the use of signatures made for the purpose of the trial. Abbott's Trial Ev. (2nd ed.) 488, 489. It appears that the signature upon another note in evidence was conceded to be the defendant's, but the exceptions do not show that it was used in the cross-examination. The witness was required to select from the three papers the genuine signatures of the defendant, and then the papers went to the jury. It was error both to permit this course of examination and to allow the papers to be submitted to the jury.

II. The money for which the note was given was loaned to Israel L. Hall, the second signer upon the note, and the defendant claimed that his name was forged by Hall. As tending to establish this fact a witness, Collins, was called by the defendant and allowed to testify that he was a near neighbor of Hall and had done considerable business with him, had seen him write and knew where his desk was; that after Hall's

arrest, which was a year and a half after the note was signed, he went to Hall's house, looked over his desk and papers and there found a sheet of paper with the defendant's name written several times upon it, and two other sheets with two other names written several times upon them, respectively, but that he could not tell in whose handwriting the names were. Another witness, who was with Collins, testified to the same facts. With no evidence tending to show that these names were in Hall's handwriting, nor that they resembled the defendant's signature, this evidence was placed before the jury for the apparent purpose of inviting them to believe that Hall had at some time practiced writing the defendant's name. This evidence should have been excluded.

III. It was error to permit the defendant to testify that the plaintiff's clerk said to the defendant, when he called to see the note, that it was in the attorney's office "with the other forged notes." This evidence got before the jury the opinion of the clerk that this note was forged.

IV. The testimony of the plaintiff's treasurer that the bank officers made an examination of other notes, and that they had, and had expressed, suspicions that some of them which purported to have been signed by Hall and others, were forged, was hearsay as to the other officers, and was irrelevant to the issue in the case. The testimony of the treasurer that neither he nor any of the officers had any suspicion that the note in suit was forged did not cure the error. If the jury believed that the bank officers suspected that Hall had forged other paper, they would more readily believe, and upon incompetent testimony, that he forged the note in controversy.

All the evidence considered was admitted under the plaintiff's objection and exception.

*Judgment reversed and cause remanded.*