MARION J. COOK, Plaintiff in Error, v. JOHN D. STROTHER, Administrator, etc., Defendant in Error.

**Kansas City Court of Appeals, June 8, 1903.**

1. **Forgery:** COMPARISON OF SIGNATURES: EVIDENCE: OBJECTIONS: APPELLATE PRACTICE. It is not only proper to show in evidence an admitted signature of the party alleged to have executed the note, but an admitted signature of the party accused of the forgery is likewise admissible, but the signature of one not connected with the note seems inadmissible; yet where evidence of such signature is admitted with the sole objection as to the form of the question, its competency can not be assailed in the appellate court.

2. **Appellate Practice:** INSTRUCTIONS: INVITED ERROR. Plaintiff asked an instruction that the finding should be for him unless it was established by the evidence that the note had been changed since the delivery, and it is held that he can not on appeal complain of a similar error in defendant's instruction.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*John W. Clements* and *Paxton & Rose* for plaintiff in error.

(1)   The court erred in permitting defendant to introduce a check signed by John W. Cook, the deceased brother, for comparison with the signature of Enoch Cook.   Bank v. Hoffman, 74 Mo. App. 203, 208; R. S. 1899, sec. 4679.   (2)   The court erred in giving instruction number 2, asked by defendant, this instruction making the note void if it was altered while in the possession of plaintiff, whether he consented to it or not, and even though such alteration might have been made by a party not authorized or contrary to plaintiff's

wishes.   Lubbering v. Kohlbrecher, 22 Mo. 596; Mc-
Murtry v. Sparks, 71 Mo. App. 126; Hord v. Taubman,
79 Mo. 101; Menne v. Newmeister, 25 Mo. App. 300;
Medlin v. Platte Co., 8 Mo. 235; Koontz v. Kaufman,
31 Mo. App. 397; Donahue v. Railroad, 83 Mo. 560.

*J. Allen Prewitt* for defendant in error.

(1)   The court did not err in admitting the check
signed by John W. Cook.   The authorities submitted by
plaintiff uphold defendant's contention rather than
plaintiff's.   Besides plaintiff saved no exception on the
point now raised.   He only objected to the form of
question presented to his own witness.    (2)   The court
did not err in giving instruction number 2 asked by
defendant.   R. S. 1899, secs. 746, 747; Girdner v. Gib-
bons, 91 Mo. App. 412; Kelley v. Thuey, 143 Mo. 422;
Hord v. Taubman, 79 Mo. 102; Moore v. Hutchison, 69
Mo. 422; Paul v. Leeper, 72 S. W. 715; Bank v. Fricke,
75 Mo. 178; Haskell v. Champion, 30 Mo. 136; Frank-
enthal & Bro. v. Ins. Co., 76 Mo. App. 15; Mirrielees v.
Railroad, 163 Mo. 486; Drug Co. v. Self, 77 Mo. App.
289; Guentley v. Staed, 77 Mo. App. 162, and cases
cited.

ELLISON, J.—This is an action on a promissory
note alleged to have been executed by Enoch Cook in
his lifetime.   The defendant administrator prevailed in
the trial court.   The defense made was that the deceased
never executed the note and that it had been altered
after the signature while in plaintiff's possession.

The two chief errors noted in plaintiff's brief relate
to the comparison of the admitted signature of a wit-
ness, James M. Cook, with the signature on the note.
Under the statute (sec. 4679, R. S. 1899) it is not only
proper to show in evidence, for comparison, some ad-
mitted signature of the party alleged to have executed
the note, but you may also show for comparison, some
admitted signature of the party (if any) who is accused

of the forgery. Bank v. Hoffman, 74 Mo. App. 203. This, of course, does not authorize the introduction of signatures of a party who is not charged to be in any way connected with the forgery. The witness James M. Cook is not shown by the record to be connected with the note in such way as to justify the introduction of the signature for the purpose stated. But the evidence was received without objection and therefore is not a ground of error. There was an objection and exception, but the objection was specially put as to the "form" of the question asked, and not to the competency of the evidence. Such objection only goes to the form of the question and does not entitle the objector to afterwards, on appeal, complain of the substance. An objection of that kind justifies the trial court in assuming that the competency of the evidence, in matter of substance, was not disputed.

The other objection relates to defendant's instruction number two. The matter of complaint is that that instruction submitted the question of the alteration of the note while in plaintiff's possession and directed that if it was so altered, the finding would be for the defendant; without a qualification that such alteration must have been made by plaintiff or with his consent. Conceding all of plaintiff's criticism, he can not be heard to complain, for the reason that it is an error invited or joined in by him. In his first instruction it is declared that the note was prima facie evidence of an indebtedness, provided it was believed that the note was executed by the deceased, and the finding should be for plaintiff, "unless the defendant has established by a preponderance of the evidence that since it was made and delivered the note has been changed." It is thus seen that plaintiff invited the omission complained of in defendant's instruction by first getting one in his own favor in which he makes the same omission. We have considered plaintiff's argument on this branch of the case, but find ourselves unable to agree with him. It

is not possible, within the bounds of reason, giving to language its meaning as commonly understood, to find any practical difference, on the point in controversy, between the two instructions.

The judgment should be affirmed. All concur.