UNITED STATES v. NORTH.

(District Court, D. Oregon. January 9, 1911.)

No. 5,281.

1. POST OFFICE (§ 49*)—OFFENSES—OBSCENE LETTERS—EVIDENCE—MOTIVE.
  Accused being on trial for sending an obscene letter through the mails, directed to G., the government offered in evidence an alleged reply to a letter written to accused by a postal inspector, written on the back of the inspector's letter, which the government claimed was in the handwriting of accused, stating that accused had received a dental certificate, and was glad to get it, because it saved him accepting free board and lodging for six months, and that, while he liked big dinners, he did not like to impose on good nature; the government claiming that this had reference to accused's conviction and incarceration before G., as a justice of the peace, on a charge of practicing dentistry without a license. It did not appear that the inspector had any knowledge of accused's incarceration as claimed. *Held*, that the letter was not admissible as showing motive for sending the alleged obscene letter to G.

  [Ed. Note.—For other cases, see Post Office, Dec. Dig. § 49.*]

2. CRIMINAL LAW (§ 404*)—EVIDENCE—HANDWRITING—STANDARD OF COMPARISON.
  Where a letter used as a standard for comparison of handwriting was not admitted by accused to be genuine, and had not been treated by accused as genuine, it was not admissible for that purpose, under B. & C.

Comp. § 777, providing that evidence respecting handwriting may be given by comparison with writings admitted or treated as genuine by the party against whom the evidence is offered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 892; Dec. Dig. § 404.*]

3. CRIMINAL LAW (§ 404*)—EVIDENCE—HANDWRITING—STANDARD OF COMPARISON.

A writing cannot be introduced in evidence for the sole purpose of using it as a standard to enable the jury to institute a comparison of handwriting to prove that accused wrote the writing in question, since only writings admitted or proved to be genuine and properly in evidence for other purposes may be used for that purpose.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 892; Dec. Dig. § 404.*]

E. N. North was convicted of sending nonmailable matter through the mails, and applies for a new trial. Granted.

John McCourt, U. S. Atty.
M. O. Wilkins, for defendant.

WOLVERTON, District Judge. The defendant was indicted, charged with having deposited in a post office, for transmission through the mails, a certain obscene letter, which letter was mailed at Toledo, Or., directed to Judge McGrath, at Lordsburg, in the territory of New Mexico. Trial was had under this indictment, and the defendant convicted. The questions now for consideration arise under a motion for a new trial.

On the trial it was made to appear that North had been twice accused before McGrath, who was a justice of the peace at Lordsburg, in New Mexico, of practicing dentistry without a license, being convicted once on a plea of guilty and once after trial, and sentenced in each case to pay a fine, and that in one or both of such cases the defendant served out his fine in jail. The purpose of this evidence was to show motive for writing and sending the nonmailable letter through the mail, with which the defendant is charged. On the trial a letter was offered in evidence, and admitted by the court, signed "E. N. North," purporting to have been written from Sellwood Station, Portland, to E. C. Clement, postal inspector, and received by him through the mails at Portland, in reply to a letter which the latter had written to North; the purported North letter being written on the back of the "Inspector" letter. The Inspector letter contained a request that the reply be so written. Among other things, the purported North letter has this to say:

"The dental certificate of mine is here, and you bet I am glad to get it; for it saves me accepting free board and lodging six months. I like big dinners, though don't like to impose on good nature."

The certificate that the letter refers to is an Oregon certificate; bu. it is urged that the reference to free board and lodging alludes to the incident in New Mexico, and is therefore an admission in a way of his being incarcerated there, thus corroborating the testimony previously adduced showing the incarceration, as bearing upon the motive

with which the letter that this defendant is charged with mailing was sent. While it might possibly bear this construction, yet the inference is very remote. The inspector knew nothing of North's incarceration in New Mexico; and it is more likely that, having had that experience in New Mexico, if North wrote the letter, he assumed he might be jailed here also for practicing dentistry without a license, and that the reference was not to any previous experience, but to a possible imprisonment under the Oregon laws. The Inspector letter was not, therefore, properly admissible as showing motive for sending the alleged obscene letter through the mail.

The purported North letter to the inspector was, furthermore, permitted to be used by the prosecution as an exemplar or standard for comparison of the handwriting with the obscene and nonmailable letter, to prove that the defendant wrote the latter, and the question arises whether it was competent for that purpose, not being a writing properly admissible in evidence for any other purpose. The state statute provides that:

"Evidence respecting the handwriting may also be given by a comparison, made by a witness skilled in such matters, or the jury, with writings admitted or treated as genuine by the party against whom the evidence is offered." Section 777, B. & C. Comp.

The Inspector letter was not admissible under this statute, if it be that the statute is available in a criminal cause in this court, because it was not admitted by the defendant to be genuine, nor has he treated it as such. The fact of sending through the mails cannot be said to be a treatment of the letter as genuine; but the mailing stands disputed, as well as the writing and signing.

By the decisions of the Supreme Court it has been determined that a writing cannot be introduced in the cause for the mere purpose of enabling the jury to institute a comparison of handwriting, but that, where the writing has been admitted for some other purpose, then the jury may rightfully institute a comparison. The language of the court in Williams v. Conger, 125 U. S. 397, 413, 8 Sup. Ct. 933, 941 (31 L. Ed. 778), is as follows:

"But where other writings, admitted or proved to be genuine, are properly in evidence for other purposes, the handwriting of such instruments may be compared by the jury with that of the instrument or signature in question, and its genuineness inferred from such comparison."

Later in the opinion the court quotes from the case of Doe v. Newton, 5 Ad. & El. 514, wherein it was said:

"There being two documents in question in the cause, one of which is known to be in the handwriting of a party, the other alleged, but denied to be so, no human power can prevent the jury from comparing them with a view to the question of genuineness; and therefore it is best for the court to enter with the jury into that inquiry, and to do the best it can under circumstances which cannot be helped."

And still later the court quotes from Van Wyck v. McIntosh, 14 N. Y. 439, 442, wherein it is said that:

"Where different instruments are properly in evidence for other purposes, the handwriting of such instruments may be compared by the jury, and the genuineness or simulation of the handwriting in question be inferred from

such comparison. But other instruments or signatures cannot be introduced for that purpose."

The latest exposition of the rule, or rather of the exception, is found in Withaup v. United States, 127 Fed. 530, 535, 62 C. C. A. 328, 333. Circuit Judge Van Devanter, now a Justice of the Supreme Court, says:

"The general rule has exceptions equally as well settled as the rule itself, one of which is that if a paper is in evidence in the case for some other purpose, and is admitted or satisfactorily proven to be in the handwriting of the party, or to bear his signature, the disputed writing may be compared therewith, and its genuineness inferred, or otherwise, from such comparison."

As bearing upon the subject, see, further, Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170; Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667.

The reason for the rule is stated by Mr. Chief Justice Fuller, in the case of Hickory v. United States, as follows:

"The danger of fraud or surprise and the multiplication of collateral issues were deemed insuperable objections, although not applicable to papers already in the cause, in respect of which, also, comparison by the jury could not be avoided."

From these authorities, it would seem that it was not the purpose of the courts, where the writing was admitted in evidence for some other purpose, to require that it must also have been admitted by the defendant to be genuine, or treated by him as such; but it is sufficient that it be satisfactorily proven to be in the handwriting of the party against whom it is sought to establish another writing, being an issue in the case, which he disputes. Ordinarily, before the writing could be admitted for another purpose, it must be satisfactorily proven to bear the signature or to be in the handwriting of the person against whom it is offered, and when the law is satisfied for its admission against the party, and for that reason it is admitted in evidence, then it may legitimately become and be used by the jury as a standard of comparison with other writings the genuineness of which is sought to be established. In no event, however, can the writing be used as a standard of comparison, unless it be actually admitted under the rules of evidence for some other purpose in the case.

It is clear that, under this rule, the Inspector letter was not competent to be offered as an exemplar for the purpose of comparison with the letter sent through the mails in determining whether the latter was written by the defendant.

Some of the state authorities have adopted another rule, thought to be deducible from the common law, which is stated thus by Judge Remick, in the case of University of Illinois v. Spalding, 71 N. H. 163, 51 Atl. 731, 62 L. R. A. 817:

"The true rule is that, when a writing in issue is claimed on the one hand and denied upon the other to be the writing of a particular person, any other writing of that person may be admitted in evidence for the mere purpose of comparison with the writing in dispute, whether the latter is susceptible of, or supported by, direct proof or not; but, before any such writing shall be admissible for such purpose, its genuineness must be found as a preliminary fact by the presiding judge, upon clear and undoubted evidence."

Further on he says:

"And it is fair to assume that, had no statute been enacted (referring to the English statute), the common law of England, adjusting itself to changed conditions, would now accord with the rule we have announced."

See, also, Wigmore on Evidence, § 2000.

This rule is stated with some variation by the Supreme Court of Idaho, in State v. Seymour, 10 Idaho, 699, 79 Pac. 825, by quoting from Greenleaf on Evidence, vol. 1, § 581, as follows:

"But with respect to the admission of papers irrelevant to the record, for the sole purpose of creating a standard of comparison of handwriting, the American decisions are far from being uniform. If it were possible to extract from the conflicting judgments a rule which would find support from the majority of them, perhaps it would be found not to extend beyond this: That such papers can be offered in evidence to the jury only when no collateral issue can be raised concerning them, which is only where the papers are either conceded to be genuine, or are such as the other party is estopped to deny, or are papers belonging to the witness, who was himself previously acquainted with the party's handwriting, and who exhibits them in confirmation and explanation of his own testimony"—citing, also, 15 A. & E. Encyc. of Law (2d Ed.) 268.

The same principle has been announced in the case of Smith v. Hanson, 34 Utah, 171, 96 Pac. 1087, 18 L. R. A. (N. S.) 520. And the Massachusetts courts hold to a like proposition.

There is much persuasive force in these authorities, and, were this a matter of first impression in the federal courts, I should be inclined to follow the doctrine announced in the Spalding Case. The present case is a fair illustration of how justice may be thwarted under the doctrine of the federal courts. The inspector wrote the letter to the defendant, and in that letter requested that the reply be indorsed upon the back of the Inspector letter. In due course of mail the Inspector letter came back with a reply indorsed thereon, signed "E. N. North." This in itself is evidence so strong and pertinent that North wrote the reply letter that there can scarcely be a doubt about it. If North was being held to account for writing the reply to the Inspector letter, could there be any cavil as to its admissibility in court against him? If, therefore, it was proper to go in evidence for that purpose, why should it not be admitted for the purpose of comparison, where another writing is in dispute? The conviction in the case at bar in all probability proceeded mainly upon the evidence of comparison of handwriting in this reply letter with the writing contained in the nonmailable letter sent to McGrath.

By the authorities, however, by which I am bound, a new trial should be granted; and it is so ordered.