# William Cook, Appellee, v. Amelia Moecker (impleaded with J. E. Stephens), Appellant.

1. BILLS AND NOTES, § 462*—*when instruction as to consideration of note is not erroneous.* Where, in an action on a judgment note, no question of want of consideration is raised by the pleadings, an instruction which states in substance that the only issue to be determined by the jury is whether the signature of defendant's name to the note is the genuine signature of defendant and that plaintiff is not required to show what was the consideration for the note or that defendant received any part of it, is not erroneous.

2. APPEAL AND ERROR, § 450*—*when objections must be made.* Objections to improper questions must be made at the time and the court must have an opportunity to rule upon them before error can be assigned upon permitting them.

3. EVIDENCE, § 52*—*how denial of personal act may be proved.* When one is charged with having performed an act of a personal, individual nature, such as the manual act of making a signature, which he denies, he may, in the complete establishment of his denial, show by any competent evidence who did in fact make it.

4. BILLS AND NOTES, § 421*—*how denial of signature may be established.* In an action to recover on a judgment note alleged to have been made by defendant, which defendant denies having signed, claiming that her signature was affixed to the note by the other defendant whose signature was also affixed thereto, she may establish such contention of nonexecution by her by proving that the other defendant affixed her name, which may be shown by his evidence to the fact, by the evidence of witnesses to such act on his part or by any other competent evidence tending to show that her signature was affixed by him.

5. EVIDENCE, § 291*—*what proof is required to establish handwriting by comparison.* In Call. 1916 Stat. ¶ 5566, authorizing the proof of handwriting by comparison made by the witness or jury with writings properly in the files or records of the case, admitted in evidence, or treated as genuine, or admitted to be genuine by the party against whom the evidence is offered, "or proved to be genuine to the satisfaction of the court," the words quoted are to be construed as calling for that degree of competent proof, as to the genuineness of the offered standard of comparison, and that degree only, which will require the court to find as a fact that it is genuine.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. Evidence, § 291*—*sufficiency of evidence to establish handwriting by comparison.* Under Call. 1916 Stat. ¶ ·5566, evidence of a witness that she had seen the person, a writing by whom is offered as a standard of comparison, write many times and was entirely familiar with his handwriting and that the writing on the exhibit offered as a standard was the handwriting of such person, is sufficient to warrant the admission of the exhibit in evidence as a standard of comparison, if the exhibit is otherwise admissible.

7. Evidence, § 291*—*when either party may prove handwriting by comparison.* Under Call. 1916 Stat. ¶ 5566, where a defendant charged with having executed a writing made the basis of the proceeding denies the charge, either party may have comparisons made by witnesses or the jury between the writing in question and other genuine writings of the party charged with its execution, and this permits such defendant to establish his contention that the instrument was executed by a third person by introducing genuine writings of such third person as standards of comparison with the contested signature, the application of the provision not being limited to the writings of the one charged by the pleadings with having executed the writing on which the proceeding is based.

8. Evidence, § 52*—*how facts may be proved.* One entitled to prove a fact may prove it by any competent means.

9. Evidence, § 291*—*how statute permitting proof of handwriting is construed.* Call. 1916 Stat. ¶ 5566, is a remedial law, intended to aid in the ascertainment of the truth in controverted questions as to the genuineness of handwriting, and is to be construed as permitting the spuriousness of a writing to be established by the same means of comparisons authorized to be used to show that it is genuine.

10. Evidence, § 291*—*what statute as to proof of handwriting by comparison permits.* By Call. 1916 Stat. ¶ 5566, the legislature undertook, first, to announce that in all courts in the State, when it becomes necessary to prove who executed a writing, a comparison of that writing with other writings whose authorship is known and established shall be competent, and, second, how the genuineness of writings offered as standards shall be established.

11. Evidence, § 291*—*what evidence of authenticity is required when proving handwriting by comparison.* Before the standards of comparison authorized by Call. 1916 Stat. ¶ 5566, to prove the genuineness of writings are admissible, there must be something to connect the author of them with the writing, the authenticity of which is in dispute.

12. Evidence, § 291*—*when evidence as to authenticity of instru-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ment to be used in comparing handwriting is insufficient.* In an action to recover on a judgment note, where defendant denies that she signed the note and contends that her signature was affixed by the other signer and seeks to introduce as an exhibit a writing alleged to have been made by the other signer, her purpose being to use it as a standard of comparison as provided by Call. 1916 Stat. ¶ 5566, and testifies that she has seen such person write many times, is familiar with his writing and that the writing on the exhibit is his, but neither she nor any other person testifies that her name on the note is in his handwriting, nor is there any direct statement by her counsel to the court that such is contended to be the case, but merely inferences and suggestions to that effect, there is no error in excluding the exhibit.

Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

SCOFIELD, HARTZELL & CALIFF, for appellant.

O'HARRAS, WOOD & WALKER, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is a suit on a judgment note purporting to have been signed by J. E. Stephens and Amelia Moecker in the òrder named. A judgment was entered by confession against both of the purported signers. Later it was opened by order of the circuit court as to Amelia Moecker, and she was let in to plead to the declaration on its merits. The defense set up by her by appropriate pleas was that she did not sign the note. The jury found that issue in favor of the plaintiff. The defendant has appealed to this court from a judgment entered on that verdict. Appellant has urged three reasons why the judgment should be reversed: (1) That instruction numbered 3 given for appellee is erroneous; (2) that appellant's Exhibit No. 1 was improperly excluded; (3) that undue and improper cross-examination of appellant was permitted.

The substance of the instruction complained of is

that the only issue to be determined by the jury was whether the signature "Amelia Moecker" on the note is the genuine signature of the defendant Amelia Moecker, and that it was not incumbent on the part of plaintiff to show what the consideration for the note was or that Amelia Moecker received any part of it. This instruction might have been more satisfactorily worded, but we think the jury could not have misunderstood its import and that appellant could not have been in any way prejudiced by it. It fairly states the theory on which the case was tried by both parties, and no question of want of consideration was raised by the pleadings.

We are cited to but one place in the abstract or record where it is claimed that improper questions were asked of appellant, and the record shows that no objection was made to that. The rule is that objections to improper questions must be made at the time, and the court has an opportunity to rule on the same before error can be assigned therefor on appeal. True, there are circumstances where the mere asking of some question may be prejudicial to the cause of one of the parties, but the matter here referred to is not an illustration of one of those instances.

Exhibit No. 1, the exclusion of which when offered as evidence by appellant is one of the reasons urged for the reversal of this judgment, was an envelope addressed to Amelia Moecker and is claimed to be in the handwriting of J. E. Stephens, who was the first signer of the note sued on. The theory on which it was offered was that appellant had the right not only to deny that she wrote the name Amelia Moecker on the note sued on, but that she had a right to corroborate her denial by showing who did write it, and that she had a right to do that by a comparison of the handwriting in which her name was written on the note with the handwriting of the person she charged with having forged it there.

There can be no doubt that when a person is charged with having performed an act which they deny and which is of a personal, individual nature like the manual act of signing a name, such person may, in the complete establishment of his denial, show by any competent evidence who did in fact do it. *Carlton v. People,* 150 Ill. 181; *People v. Mitchell,* 100 Cal. 328. In this case, appellant is charged with signing her name to a note, and she denies it. No better proof could be produced to show that she did not sign it than to prove that J. E. Stephens did do it. It would be competent for him to testify that he did it. It would be competent for witnesses to be produced who saw him do it. Any competent evidence that tended to show that he did it would, with equal force, tend to show that she did not do it, and is admissible.

Section 1 of an Act entitled "An act concerning proof of handwriting and to permit proof of handwriting to be made by comparison," in force July 1, 1915, Callaghan's Illinois Laws 1913-1916, page 740, paragraph 5566, provides: "That in all courts of this State it shall be lawful to prove handwriting by comparison made by the witness or jury with writings properly in the files or records of the case, admitted in evidence, or treated as genuine, or admitted to be genuine, by the party against whom the evidence is offered, or proved to be genuine to the satisfaction of the court."

This act has never been construed by a court of review. Similar acts of other States have received construction by the courts of the States where they were passed, but those constructions so widely differ on the important questions that but little, if any, real aid can be gathered therefrom. Many of the cases cited by counsel relate to the character and degree of proof to be required to establish the standard of comparison. The only open question on that point in our statute is as to what is meant by the clause "or

proved to be genuine *to the satisfaction of the court.*"
We think that clause should be construed to call for
that degree of competent proof, as to the genuineness
of the offered standard of comparison, and that only,
that would require the court to find as a fact that it
was genuine.    That certainly would be the rule in
a civil case, and in a criminal case where the standard
of comparison was being offered by the defendant.
The following list of cases include holdings on prac-
tically every phase of the question of the kind and
amount of proof required of the genuineness of writ-
ings offered as standards of comparison.    In the main
they sustain the view above expressed.    *McKay v.
Lasher,* 121 N. Y. 477; *Sprague v. Sprague,* 80 Hun
(N. Y.) 285; *People v. Molineaux,* 168 N. Y. 264;
*Marshall v. Hancock,* 80 Cal. 82; *People v. Gordon,*
13 Cal. App. 678; *State v. Thompson,* 80 Me. 194; *Wil-
liams v. Williams,* 109 Me. 537; *Wilmington Sav.
Bank v. Waste,* 76 Vt. 331; *State v. Ryder,* 80 Vt. 422;
*Rowell v. Fuller's Estate,* 59 Vt. 688; *University of
Illinois v. Spalding,* 71 N. H. 163; *United States v.
North,* 184 Fed. 151; *State v. Cottrell,* 56 Wash. 543;
*Commonwealth v. Tucker,* 189 Mass. 457.    The evi-
dence of the fact that the writing on defendant's Ex-
hibit No. 1, was the genuine handwriting of J. E.
Stephens is ample to warrant its admission in evi-
dence as a standard of comparison of handwriting,
if it is otherwise admissible.

There is no question but that under the act of 1915
heretofore referred to, where a defendant, in either a
civil or criminal proceeding, is charged with having
executed a writing made the basis of the suit, and
denies the charge, either party may have compari-
sons made by witnesses or the jury between the writ-
ing in question and other genuine writings of the
parties charged with its execution.    The controverted
question is whether such defendant in attempting to
prove, as he undoubtedly has a right to do, that some

other designated person forged the writing in question, has the right to have such comparisons made between the genuine writing of such other person and the writing in question. It is axiomatic that if one is entitled to prove a fact he may prove it by any competent means. If one charged with being the author of a writing denies such authorship, and has a right in support of that denial to prove that it was executed by another, whether that other is a party to the pending suit or not, and if it is lawful to prove handwriting by comparison, as is declared in the act of 1915, then it goes without saying that he should be entitled to prove by comparison whose writing it is. On principle, a person certainly should be entitled to exculpate himself from the charge of being the author of a writing by the same character of evidence that his responsibility for it may be established.

After a careful examination and consideration of the act in question and such authorities as have been cited, we are convinced that to limit its application to the writings 'of the party charged by the pleadings in the case on trial with having made the writing involved in the litigation, would be a misconstruction of the language of the act, a misinterpretation of the intent of the legislature in passing the act, and would establish an unjust rule of evidence whereby the liability of a man might be established by a class of evidence that would be unavailing to him in making his defense.

The act in question is a remedial law, intended to aid in the ascertainment of the truth in controverted questions in relation to the genuineness of handwriting. If it is competent to prove the genuineness of writings by the means provided by the act in question, no construction of that act, not made necessary by the language employed in it, should be indulged in by which the spuriousness of the same writing may not be established by the same means. The language

of the act itself certainly does not so limit its application. While the act is not a fine specimen of clear expression, it seems manifest that the legislature, first, undertook to announce that in all courts in this State, when it becomes necessary to prove who executed a writing, a comparison of that writing with other writings whose authorship are known and established shall be competent; and second, how the genuineness of writings offered as standards of comparison should be established. In Missouri, a statute very similar to ours was construed in *St. Louis Nat. Bank v. Hoffman*, 74 Mo. App. 203, to permit a comparison of the handwriting, the authorship of which was being sought, with the genuine handwriting of both the person sought to be held liable on the writing and the person who was charged with having forged it. In *Cook v. Strother*, 100 Mo. App. 622, the same doctrine was adhered to, but it was further pointed out that before the genuine handwriting of a person not a party to the record could be introduced as a standard of comparison, there must be some proof in some way connecting him with the forgery. In *Wilmington Sav. Bank v. Waste*, 76 Vt. 331, the suit was on a note. The defendant denied the signature and claimed that his name was forged by another signer of the note. He offered in evidence as standards of comparison sheets of paper with his name written on them that were found 18 months after the note was signed in the room of the person whom he charged with forging it. The court held that these standards of comparison should have been excluded, not because comparison with proper standards was not proper, but because there was no proof that the names written on these papers used as standards of comparison were written by the alleged forger. In *State v. Ryder*, 80 Vt. 422, writings of a deceased person were offered in evidence as standards of comparison. The court held them inadmissible, not because proper standards of

comparison were not admissible, but that the genuineness of them was not properly established. To the same effect is *Rowell v. Fuller's Estate,* 69 Vt. 688; *University of Illinois v. Spalding,* 71 N. H. 163.

On the other hand, there are several cases holding squarely that proof by comparison with standards shown to be genuine is limited to the writings of the person sought to be charged, in the litigation pending, with responsibility therefor. Among the cases supporting that theory are the following: *Peck v. Callaghan,* 95 N. Y. 73; *Bruyn v. Russell,* 52 Hun (N. Y.) 17; *Franklin v. Franklin,* 90 Tenn. 44; *Coppock v. Lampkin,* 114 Iowa 664.

After a careful examination and consideration of all these authorities and the various statutes upon which they are based, we are convinced that the act of 1915 under consideration should be construed to mean that whenever it is competent to establish by proof that a given writing is that of a particular person, other writings of that person, the genuineness of which have been established to the satisfaction of the court, are admissible in evidence as standards of comparison.

Before such standards of comparison are admissible there must be something to connect the author of them with the writing, the authenticity of which is in dispute. *Cook v. Strother,* 100 Mo. App. 622; *Carlton v. People,* 150 Ill. 181.

Mrs. Moecker testified that she did not sign the note in question. She also testified that she had seen Stephens write many times and was entirely familiar with his handwriting, and that the name Amelia Moecker on Exhibit No. 1 was in his handwriting. She was equally capable of testifying that the same name on the note was in the handwriting of Stephens, if it was true, but she did not so testify. Neither did any one so testify. Neither was there any direct statement by counsel to the court that it was con-

tended that was in Stephens' handwriting. There were some suggestions and inferences but no direct charge or proof to that effect. For that reason there was no error in excluding ''Exhibit No. 1.'' The judgment of the circuit court is affirmed.

*Judgment affirmed.*