## No. 12,109.

### WILSON v. SCROGGS.

Decided April 29, 1929. Rehearing denied May 27, 1929.

Mr. BENTLEY M. McMULLIN, for plaintiff in error.

Mr. THOMAS E. ANDERSON, for defendant in error.

*Department One.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS action was begun as a foreclosure suit in the district court. The parties here appear in the same order as below, and will be referred to as plaintiff and defendant.

The plaintiff alleged that the defendant, on May 1, 1923, for a valuable consideration, made, executed and delivered his promissory note, in the sum of $500, to William W. Ellis, and, to secure the payment of the same, executed and acknowledged a certain deed of trust; that the said Ellis, for a valuable consideration, before maturity, sold, endorsed and delivered the note to the plaintiff herein; that the plaintiff was the owner and holder of the note, in good faith, and without notice of any infirmity in the instrument, or defect in the title of the payee therein.

The defendants, excepting Scroggs, defaulted, and judgments of default were duly entered. The defendant Scroggs filed his answer, in which he disclaimed any title or interest in the premises; denied execution of the note; and denied consideration therefor.

The trial was before a jury, which returned its verdict in favor of the defendant, and thereafter judgment upon the verdict was entered in favor of the defendant and against the plaintiff. The plaintiff assigned 39 errors, but, of these, only 12 are argued and relied upon here for reversal. We shall confine our opinion to those errors relating to the exclusion of evidence.

The defendant having denied the execution of the note in question, the plaintiff sought to introduce certain purported notes and deeds of the defendant's in evidence, as the basis of comparison of signatures, so that experts might testify therefrom, and the jury might determine the genuineness of the signature to the note. This evidence, the plaintiff contends, was admissible under section 6538, C. L. 1921, reading as follows: ''Comparison of a disputed writing, with any writing proved to the satisfaction of the court to be genuine, shall be permitted to be made by witnesses in all trials and proceedings, and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute.''

The plaintiff called as his witnesses, two of the notaries before whom, it is alleged, deeds of trust were acknowledged. Each of these witnesses testified, or offered to testify, that the defendant personally appeared before him, and acknowledged the deed. The court, upon inquiry, learned that the defendant disputed the genuineness of these signatures, and declined to admit the deeds in evidence. The receiver of the Broadway National Bank was called to identify a note and deed of trust, purporting to be signed by the defendant, but, upon defendant's denial of the genuiness of the signature, the exhibits were not admitted. This is but a sample of the evidence which was offered and rejected, the court saying, upon sustaining objections to the admission of the exhibits:

''The court now rules that exhibits J and K are exhibits in which the record shows here now that the defendant denies the authenticity of his signature. That being the

case, the objection should be sustained because this is not the note and deed of trust that is being tried in this case.  *   *   *

"The court, in order to clarify the situation simply rules this, that as a matter of law, you cannot use for comparison a disputed signature, which is the signature perhaps on exhibits J and K, for the purpose of proving the genuineness of another signature, which is also disputed. That would not help any. You have to compare a disputed signature with what is admitted to be a genuine signature. Otherwise, there could be any number of disputed signatures, but no matter how many there might be, they would be all disputed, and there would be no comparison that would help any.  *   *   *

"If this is a disputed signature whenever we get to it, the court would on the precedent heretofore established in this case sustain an objection to it as a disputed signature."

It is fair to say the court held that, unless the defendant admitted the genuineness of the signature, no instrument purporting to be signed by him could be offered in evidence, as a standard of comparison, for use by either the experts or the jury. This is not the law, unless we determine that the words, "proved to the satisfaction of the court to be genuine," are meaningless. The above quoted remarks of the trial judge clearly indicate that he was adopting an unreasonable and unwarranted construction of section 6538, supra. If the trial judge was right, this defendant could nullify, at will, that portion of section 6538 under consideration, because it would put the selection of evidence, as a basis of comparison, at his exclusive command. If he deemed the evidence dangerous to him, he could withhold it from the consideration of the court and jury by a simple denial of the authenticity of the signature, and thus foreclose all further inquiry. By indefinite resort to such tactics, he might, if he chose, keep out all comparisons of handwriting; thereby invest-

ing him with greater power than either the court or legislature.

We have held, in *Brindisi v. People,* 76 Colo. 244, 249, 230 Pac. 797, that: ''Whatever the fact, and whatever the weakness of expert testimony on handwriting, the competence and value of such testimony are well settled. In ordinary cases it can only be made available by the proof of the genuiness of extraneous documents and their comparison by the witness with the writing in dispute.''

We find in *Cook v. Moecker,* 217 Ill. App. 479, 483, *et seq.,* that the court had under consideration, and for construction, a statute similar to ours. The Illinois statute contains the clause, ''or proved to be genuine to the satisfaction of the court,'' while the clause in our statute reads, ''proved to the satisfaction of the court to be genuine.''

While the facts in the Cook v. Moecker case, supra, are distinguishable from the facts in the instant case, the reasoning is sound, and we adopt and approve the following language from that opinion:

''The only open question on that point in our statute is as to what is meant by the clause 'or proved to be genuine to the satisfaction of the court.' We think that clause should be construed to call for that degree of competent proof, as to the genuineness of the offered standard of comparison, and that only, that would require the court to find as a fact that it was genuine. That certainly would be the rule in a civil case, and in a criminal case where the standard of comparison was being offered by the defendant.

\* \* \*

''The act in question is a remedial law, intended to aid in the ascertainment of the truth in controverted questions in relation to the genuineness of handwriting. If it is competent to prove the genuineness of writings by the means provided by the act in question, no construction of that act, not made necessary by the language employed in it, should be indulged in by which the spuriousness of

the same writing may not be established by the same means. The language of the act itself certainly does not so limit its application. * * * It seems manifest that the legislature, first, undertook to announce that in all courts in this state, when it becomes necessary to prove who executed a writing, a comparison of that writing with other writings whose authorship are known and established shall be competent; and second, how the genuineness of writings offered as standards of comparison should be established.

&ast; &ast; &ast;

"After a careful examination and consideration of all these authorities and the various statutes upon which they are based, we are convinced that the act of 1915 under consideration should be construed to mean that whenever it is competent to establish by proof that a given writing is that of a particular person, other writings of that person, the genuineness of which have been established to the satisfaction of the court, are admissible in evidence as standards of comparison.

"Before such standards of comparison are admissible there must be something to connect the author of them with the writing, the authenticity of which is in dispute. *Cook v. Strother,* 100 Mo. App. 622; *Carlton v. People,* 150 Ill. 181."

We believe the rule to be as stated in *University of Illinois v. Spalding,* 71 N. H. 163, 171, 62 L. R. A. 817, 830, which reads: "The true rule is, that when a writing in issue is claimed on the one hand and denied upon the other to be the writing of a particular person, any other writing of that person's may be admitted in evidence for the mere purpose of comparison with the writing in dispute, whether the latter is susceptible of or supported by direct proof or not; but before any such writing shall be admissible for such purpose, its genuineness must be found as a preliminary fact by the presiding judge, upon clear and undoubted evidence."

The court should have allowed the introduction of all evidence which tended to establish the genuineness of the signatures offered as a basis of comparison; should have determined, as a matter of law, whether or not that proof was sufficient to establish the authenticity of the defendant's signature upon them; and, if this was done to his satisfaction, should have admitted the exhibits, as standards of comparison, to be used by the experts as well as the jurors. His refusal to do so was error.

This action may be tried again in the district court, and, for that reason, we desire to make some observations concerning the record and briefs. There was only one question tried in this case; i. e., was the signature to the note in question the genuine signature of the defendant? Notwithstanding the sole question in this case, and without direct allegation that the instrument in question had been forged by Ellis, there was evidence offered and received concerning independent transactions, between witnesses and Ellis, that could not shed light upon the question to be determined by the jury in this case. Evidence was offered and received concerning the "motive and character of William W. Ellis," the payee in the note herein sued upon. A witness was permitted to testify to another transaction, in which he felt justified in questioning the promptness, if not the honesty and integrity, of Ellis. The attorneys in this case did not make proper objection to some of this testimony. We were forced to disregard the entire testimony of the plaintiff in this action because counsel carelessly omitted furnishing us with a copy of the questions upon which the depositions were taken.

Reversed and remanded.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.