**MILLER et al. v. MILLER.**

No. 11708.

Court of Civil Appeals of Texas.
San Antonio.

May 21, 1947.

Paul C. Boethel, of Hallettsville, and A. N. Steinle, of Jourdanton, for appellants.

Arnold Franklin and Frank W. Steinle, both of Jourdanton, and Carl Wright Johnson and Nat L. Hardy, both of San Antonio, for appellee.

MURRAY, Justice.

This is a will contest. The appeal is from an order of the District Court of Atascosa County admitting to probate an alleged will of H. C. Miller.

■ The trial was to a jury. Three special issues were submitted to the jury and answered in the affirmative. The effect of the jury findings was that the signatures of the testator and the witnesses to the will were genuine and were not forgeries.

Appellants' first contention is that the verdict of the jury was not supported by the evidence. We overrule this contention. It is not contended that the evidence is insufficient to support the jury finding that the signatures of Henry Carl Miller, the testator, and L. D. McAda, one of the attesting witnesses, were genuine. The real contest is as to the signature of the attesting witness L. Morgan Williams. Both attesting witnesses predeceased Henry Carl Miller, hence it became necessary to prove the genuineness of their signatures.

Lucille Machen, former bank clerk, qualified as being familiar with Williams' signature, by reason of checks passing through the bank where she was employed. She testified that the signature on the will was in the handwriting of L. Morgan Williams.

Edgar L. Williams, District Clerk of Atascosa County, nephew of L. Morgan Williams, who was familiar with his handwriting, testified that the signature was in the handwriting of L. Morgan Williams but not his usual signature.

Lydia Crain, Treasurer of Atascosa County, also familiar with Williams' signature, testified the signature on the will was in the handwriting of L. Morgan Williams.

Pat Armstrong qualified as an expert on handwriting, and after a study of comparisons with known genuine signatures, testified that in his opinion the signature on the will was in the handwriting of L. Morgan Williams.

There were some ten other witnesses who testified that the signature was not in the handwriting of L. Morgan Williams. The evidence of the witnesses above stated was sufficient to support the finding of the jury and the fact that there was strong contradictory evidence does not change the situation.

■ Appellants next complain because the witness R. W. Lewis was not permitted to testify that the signature of L. Morgan Williams on the will looked more like the way he (R. W. Lewis) signed it rather than the way L. Morgan Williams signed it. Lewis testified that he had been a deputy in the County Clerk's office under L. Morgan Williams and that he often signed L. Morgan Williams' name by himself as deputy. He was familiar with L. Morgan Williams' signature and stated that the signature to the will was not genuine. While he was testifying he was asked the following question which he answered as indicated:

"Q. State to the Court and jury, why in your opinion, the signature of L. Morgan Williams on the disputed instrument is not in the handwriting of L. Morgan Williams? A. Because it looks more like the way I wrote his name than the way he wrote it."

Upon objection, this question and answer were stricken.

We think the court properly excluded this testimony. It was an opinion of the witness that the signature looked more like the way he signed L. Morgan Williams' name than the way the latter signed it. In other words, it was the making of a comparison of the signature on the will with the name of L. Morgan Williams as written by him (Lewis) without such writing being introduced in evidence.

■ Art. 3737b, Vernon's Ann.Civ.Stats., reads as follows:

"In the trial of any civil case, it shall be competent to give evidence of hand-

writing by comparison, made by experts or by the jury. The standard of comparison offered in evidence must be proved to the satisfaction of the judge to be genuine before allowing same to be compared with the handwriting in dispute."

The provisions of this article make the genuine signature of the alleged signer admissible in evidence for the purpose of comparison but it certainly does not make the handwriting of a third person admissible in evidence for the purpose of showing that the alleged signature looks more like the writing of a third person than it does the handwriting of the alleged signer. If the handwriting itself is not admissible certainly the witness should not be permitted to make a comparison with such inadmissible writing. In Gibralter Colorado Life Co. v. Taylor, 132 Tex. 328, 123 S.W. 2d 318, 320, it is stated:

"By plain implication, the provisions of this statute render incompetent the testimony of any witness, whether he be an expert or not, to prove by comparison the genuineness of the signature to the disputed document, unless said document, together with the signature thereto, is produced before the jury for comparison. The statute does not, either expressly or impliedly, exclude from the operation of its terms a document which has been lost or destroyed. The loss of the document simply affords a legal basis for secondary evidence. The loss does not dispense with the necessity to prove, by legally competent means, the fact that the document was genuine. 2 Wigmore on Evidence, 2nd Ed. Section 1188."

Appellants' third contention is that the court should have admitted in evidence the signature of L. Morgan Williams as written by R. W. Lewis, for the purpose of showing by comparison that this signature resembled the signature on the will more than it did the genuine signature of L. Morgan Williams. There is no proof in the record, but there is a surmise or suggestion that if the signature on the will is a forgery, the forger may have copied from the name written by R. W. Lewis rather than from a genuine signature of L. Morgan Williams. Mrs. Ruth Miller, the proponent of the will, admitted while testifying that she had in her possession some instruments bearing the name of L. Morgan Williams, but it was not shown whether these were genuine signatures or in the handwriting of R. W. Lewis. The right to introduce writing as a standard of comparison for the purpose of proving handwriting is controlled entirely by statute, Art. 3737b, supra. By no stretch of the imagination could this statute be construed as permitting the introduction of a writing in the handwriting of a third person for the purpose of showing by comparison that the disputed signature was more like the writing of that third person than it was like the genuine writing of the alleged signer. 32 C.J.S., Evidence, § 617d, p. 470; Bruyn v. Russell, 52 Hun 17, 4 N.Y.S. 784; Franklin v. Franklin, 90 Tenn. 44, 16 S.W. 557.

Other states go so far as to hold that where a signature is alleged to have been forged by a particular person, then the genuine writing of that particular person is admissible for the purpose of comparison, but only where there is something to connect the alleged forger with the disputed signature. Wilson v. Scroggs, 85 Colo. 537, 277 P. 784; Cook v. Strother, 100 Mo.App. 622, 75 S.W. 175.

In University of Illinois v. Spalding, 71 N.H. 163, 51 A. 731, 735, 62 L.R.A. 817, it is stated:

"The true rule is that, when a writing in issue is claimed on the one hand and denied on the other to be the writing of a particular person, any other writing [of that person's] may be admitted in evidence for the mere purpose of comparison with the writing in dispute, whether the latter is susceptible of or supported by direct proof or not; but, before any such writing shall be admissible for such purpose, its genuineness must be found as a preliminary fact by the presiding judge. upon clear and undoubted evidence."

We have found no decision going any further under statutes similar to Art. 3737b, supra, than as above stated. The trial court properly excluded the writing of R. W. Lewis, who was not in any way

even suspected of having forged the disputed signature.

Appellants next contend that the following argument made by proponent's counsel in his closing argument was improper and grounds for reversing the judgment, to-wit:

"Now who do these people (reference to Contestants) accuse of forgery? It is either this woman (Proponent Ruth Miller), or her attorneys Arnold Franklin or Frank Steinle.

"Do not place the stain of forgery on this little woman's brow."

In appellants' bill of exception this matter is qualified by the trial judge as follows:

"The argument of Proponent's Counsel, Carl Wright Johnson, to the jury as complained of in said Bill of Exception No. Three was not De Hors of record, but was a logical inference drawn from the record of written pleadings and the oral testimony in this cause and further such argument was elicited by the argument of counsel for the Contestants in his argument to the jury when he stated, 'I'll tell you, gentlemen of the jury, this will was not written in 1942, but it was forged after the death of poor old Henry Carl Miller,' in addition to the balance of the argument of counsel of said contestants:"

In view of this qualification by the trial judge, no error is presented.

The judgment is affirmed.