482 P.2d 386 (1971)
William D. BAAR, Plaintiff in Error,
v.
Henry A. HODER, d/b/a Wildhorn Guest Ranch, Defendant in Error.
No. 70-647. (Supreme Court No. 24259.)
Colorado Court of Appeals, Div. I.
March 2, 1971.
*387 Evans, Peterson & Torbet, John R. Torbet, Colorado Springs, for plaintiff in error.
Phelps, Fonda, Hays & Abram, Pueblo, Moyers & Dunlap, Colorado Springs, for defendant in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an action for damages sustained by William D. Baar, plaintiff below, in an accident in which he was thrown from a horse furnished by the Wildhorn Guest Ranch.
Baar first became acquainted with the Wildhorn Guest Ranch in the summer of 1958, when he stayed there for about eight days. During that vacation, he suffered a minor injury while in the saddle as the result of a sudden movement by his horse. However, it is not this injury that is the subject of this law suit. In 1960, Baar vacationed at another dude ranch. Baar returned to the Wildhorn Guest Ranch on July 12, 1962, planning to stay for a two week period. The primary recreational activity during this time, as in the prior vacations, was to ride horses.
On the third day of his stay, Baar along with other guests at the ranch, went horseback riding. The riding party was led by Mason, a wrangler employed by the ranch. After riding on a trail for a short period of time, the party ventured off the trail into a wooded area. The party, led by the wrangler, rode through the unmarked terrain at a trot until it came upon a clearing containing a number of fallen logs. Upon doing so, the wrangler and some of the riders quickened their pace. Baar was at the rear of the party when his horse broke into a canter in an effort to catch up to the other riders. Baar was able to stay on the horse at its quickened pace, but was thrown when it stopped abruptly and made a sharp movement to the left, apparently shying from a small log lying immediately in its path.
*388 Baar brought this action for damages based on the alleged negligence of the defendant and his employee. The defendant denied plaintiff's allegations and pled the affirmative defenses of assumption of risk and contributory negligence. The suitability of the horse was stipulated and was not an issue in the case. Baar's motion to strike the defense of assumption of risk, made at the close of the evidence, was denied and the case was submitted to the jury which returned a verdict for the defendant.

I
Baar alleges that the trial court erred in excluding his exhibits A, Q and R. Exhibit A is a letter to Baar written on Wildhorn Guest Ranch stationery. It is alleged that it was written by the wrangler who led the riding party and that the contents of the letter were favorable to Baar's case. Exhibits Q and R are cancelled pay checks issued by Wildhorn Guest Ranch to the wrangler. They were offered into evidence so that the handwriting of the letter and the handwriting on the check endorsements could be compared.
Baar contends that under C.R.S. 1963, 52-1-4, the jury was entitled to make a comparison of the handwriting and that the trial court's refusal to admit the exhibits constituted error.
C.R.S.1963, 52-1-4 states:
"Proof of handwriting. Comparison of a disputed writing, with any writing proved to the satisfaction of the court to be genuine, shall be permitted to be made by witnesses in all trials and proceedings and the evidence of witnesses respecting same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute." (Emphasis added)
This statute is identical to C.L. § 6538, which was construed in Wilson v. Scroggs, 85 Colo. 537, 277 P. 784. In that case, the Supreme Court held, inter alia, that the trial court must find as a preliminary fact that the writings introduced as standards for comparison are genuine. In the case at bar, the trial court found that exhibits Q and R were not proven to its satisfaction to be the handwriting of the wrangler.
Inasmuch as the standards for comparison (exhibits Q and R) were not established to the court's satisfaction, the disputed writing (exhibit A) was properly excluded. Hence, the additional questions raised as to whether it was necessary to present the testimony of witnesses as to the handwriting comparison, whether the letter was hearsay and whether it was inadmissible on the basis that it was not written within the scope of the purported author's authority need not be considered.

II
Baar alleges that the trial court should have stricken the affirmative defense of assumption of risk and that the jury should not have been instructed on this issue. These alleged errors present the question of whether there was sufficient evidence to support the trial court's actions. We hold there was.
Baar was not inexperienced with saddle horses. He had ridden them on previous occasions and had even experienced a prior mishap. One who rides a horse takes the ordinary risks incident to such pursuit. Troop A Riding Academy v. Miller, 127 Ohio St. 545, 189 N.E. 647. As the court held in Hargrave v. Wellman, 9 Cir., 276 F.2d 948, dealing with a similar accident, we hold that the plaintiff had sufficient knowledge of the propensities of horses to justify an instruction on assumption of risk.

III
Baar further alleges error in giving the following instruction:
"The mere happening of an accident does not raise any presumption of negligence on the part of either the plaintiff or the defendants."
Baar claims that the circumstances in this case are analogous to those in Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d *389 933. We do not agree. Both the factual circumstances and the issues of law raised in the Buckskin Joe case are distinguishable. That case held that it was error to give an unavoidable accident instruction. It did not involve the instruction claimed to be error in this case. The trial court was correct in giving the instruction quoted above, which is well supported by Colorado authority. See, Colorado Jury Instructions 9:9.
Judgment affirmed.
COYTE and DWYER, JJ., concur.